# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **P.W., an individual with a disability, and J.W. and A.W., parents/guardians/ next friends of P.W.,** §§§§§<br>*Plaintiffs* §<br>v. § **CIVIL NO. 1:21-CV-00722-DAE**<br> §<br>**LEANDER INDEPENDENT SCHOOL DISTRICT,** §§§<br>*Defendant* § | |

## ORDER

Before the Court are Plaintiffs' Opposed Motion to Correct Certified Administrative Record, filed January 3, 2023 (Dkt. 56), and Defendant's Response, filed January 11, 2023 (Dkt. 57). By Text Order entered January 23, 2023, the District Court referred the motion to this Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

### I.  Factual Background

P.W., "a minor disabled student with ADHD, dyslexia and other disabilities," attended Reagan Elementary School in the Leander Independent School District ("LISD") from September 2016 through September 2020. Second Amended Complaint, Dkt. 52 ¶¶ 2, 9. P.W.'s parents, J.W and A.W. ("Plaintiffs"), allege that LISD violated the Individuals with Disabilities Education Act ("IDEA") by failing to timely identify P.W. as a disabled student entitled to receive special education services. Plaintiffs also allege that once LISD finally identified P.W. as eligible to receive special education services, it failed to provide her with an appropriate "individualized education program," or "IEP," thereby denying her a free appropriate public education, or "FAPE."

Plaintiffs removed P.W. from LISD in September 2020 and enrolled her in the Rawson Saunders School, a private school in Austin, Texas for children with dyslexia and related disorders. *Id.* ¶ 9. On February 28, 2020, Plaintiffs filed a complaint with the Texas Education Agency ("TEA"), alleging that LISD denied P.W. a FAPE and violated the Child Find provisions of the IDEA. Plaintiffs requested that the TEA order LISD to: (1) provide P.W. with a FAPE consistent with the recommendations of P.W.'s physician, Dr. Amy Brown, including daily tutoring; (2) reimburse Plaintiffs for past and future expenses for P.W.'s private tutoring, or place P.W. in a private school and reimburse Plaintiffs for that tuition; and (3) reimburse Plaintiffs for past expenses for evaluations, psychiatrist visits, testing and tutoring, and therapy.

In April 2021, the TEA held a three-day due process hearing on Plaintiffs' complaint. Dkt. 52-1 at 2. On July 19, 2021, the Special Education Hearing Officer ("SEHO") issued his Decision, finding that: (1) LISD failed to meet its Child Find duties under the IDEA in a timely manner from February 28, 2019 through January 2020; (2) LISD's Full Individual Evaluation of P.W. complied with the IDEA; (3) the IEP developed in February 2020 and revised in September 2020 offered a FAPE to P.W.; and (4) LISD did not violate Plaintiff's procedural rights under the IDEA. The SEHO ordered LISD to: (1) reimburse Plaintiffs for the cost of Dr. Brown's independent evaluation of P.W.; (2) hold an ARD meeting at the start of the 2021-22 school year and develop a new IEP; (3) continue to provide dyslexia services in daily classes of no more than four students; and (4) provide P.W. with weekly one-on-one tutoring sessions with a certified academic language therapist. Dkt. 52-1 at 35-36. The SEHO denied Plaintiffs' request for tuition reimbursement for P.W.'s private school and other requests for relief. *Id.* at 34.

Plaintiffs argue that the SEHO's remedies are inadequate and filed this lawsuit seeking judicial review of the SEHO's decision under § 1415(i)(2)(A) of the IDEA. Besides alleging that LISD

2

violated the IDEA, Plaintiffs allege that LISD violated Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131-12134, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 ("Section 504"). They seek monetary and declaratory relief.

The District Court dismissed Plaintiffs' ADA and Section 504 claims, but permitted them to file an amended complaint. Dkt. 50. Plaintiffs filed their Second Amended Complaint, again alleging violations of the IDEA, ADA, and Section 504. Dkt. 52.

Plaintiffs now seek to add certain documents to the certified administrative record filed. LISD opposes the motion in part.

## II. Statutory Framework

Congress enacted the IDEA to ensure that all children with disabilities have access to public education, including special education and related services. 20 U.S.C. § 1400(d)(1)(A). The IDEA requires states receiving designated federal funds to implement policies and procedures to ensure that each disabled student residing in the state between the ages of three and twenty-one receives a FAPE. *R.H. v. Plano Indep. Sch. Dist.*, 607 F.3d 1003, 1008 (5th Cir. 2010) (quoting 20 U.S.C. §§ 1412(a)(1), 1415(a)). Under the IDEA, an IEP "serves as the 'primary vehicle' for providing each child with the promised FAPE." *Fry v. Napoleon Cmty. Sch.*, 580 U.S. 154, 158 (2017). The IDEA also requires states to provide "related services," such as counseling, speech therapy, physical therapy, recreation, and other rehabilitation services. 20 U.S.C. § 1401(26). Under the IDEA's "Child Find" obligations, a state receiving federal funds must maintain policies and procedures to ensure, among other things, that "[a]ll children with disabilities . . . who are in need of special education and related services, are identified, located, and evaluated." 20 U.S.C. § 1412(a)(3); *Spring Branch Indep. Sch. Dist. v. O.W. by Hannah W.*, 961 F.3d 781, 790 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 1389 (2021).

The IDEA establishes formal procedures for resolving any disputes over a child's FAPE. First, a dissatisfied parent may file a complaint as to any matter concerning the provision of a FAPE with the local or state education agency. *Fry*, 580 U.S. at 159. That pleading generally triggers a preliminary meeting of the contending parties, but the parties may pursue mediation instead. *Id.* If the impasse continues, the matter proceeds to a due process hearing before an impartial hearing officer. *Id.* Any decision of the hearing officer granting substantive relief must be based on a determination whether the child received a FAPE. A complainant unhappy with the outcome of the administrative process may seek judicial review by filing a civil action in state or federal court. *Id.*

The ADA and Section 504 also protect children with disabilities. *Fry*, 580 U.S. at 159. Title II forbids any "public entity" from discriminating based on disability, and Section 504 applies the same prohibition to any federally funded "program or activity." 42 U.S.C. §§ 12131-12132; 29 U.S.C. § 794(a). Both statutes and related regulations require public entities to make "reasonable modifications" to their "policies, practices, or procedures" when necessary to avoid such discrimination. *Fry*, 580 U.S. at 159-60. Both statutes also authorize individuals to seek redress for violating their substantive guarantees by bringing suits for injunctive relief or money damages. *Id.* at 160.

### III.  Analysis

Plaintiffs seek judicial review of the SEHO's rulings under Section 1415(i)(2)(A) of the IDEA. In any action brought under this section, the district court "(i) **shall receive the records of the administrative proceedings**; (ii) shall hear additional evidence at the request of a party; and (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(i)(2)(C) (emphasis added).

On January 31, 2022, the TEA filed its original Certified Administrative Record ("C.A.R.") of Plaintiff's due process hearing, which included 4,479 pages of transcripts and documents, ten audio exhibits, and five video exhibits. Dkt. 18. On April 18, 2022, the TEA filed a corrected C.A.R., removing the transcripts of the audio tapes (but not the actual audio tapes) and a page titled "List of Audio Recordings," which identified each audio tape by exhibit number, date, and the substance of the recording. Dkt. 34.

The transcripts of the audio tapes should not have been part of the official record because the SEHO had excluded them during the due process hearing. Dkt. 56 at 4. On December 7, 2022, the TEA filed a second corrected C.A.R. to add a transcript of a prehearing telephone conference ("November 17, 2020 Transcript") that should have been part of the C.A.R. Dkt. 53.

Plaintiffs now move the Court to add the November 17, 2020 Transcript (Dkt. 56-1) and the one-page List of Audio Recordings (Dkt. 56-2) to the C.A.R. LISD agrees that the November 17, 2020 Transcript should be added to the C.A.R. Dkt. 56 at 3; Dkt. 57 at 2. Accordingly, the Court orders that the November 17, 2020 Transcript (Dkt. 56-1) be added to the record.

The Court finds, however, that the List of Audio Recordings should not be added to the C.A.R. because it was not part of the official record before the SEHO. In addition, as LISD points out, the C.A.R. already includes cover pages for each audio recording, which help identify those recordings.

"A district court is not required to allow all evidence proffered by a plaintiff in an IDEA proceeding." *E. R. by E. R. v. Spring Branch Indep. Sch. Dist.*, 909 F.3d 754, 763-64 (5th Cir. 2018) (quoting *Monticello Sch. Dist. No. 25 v. George L. ex rel. Brock L.*, 102 F.3d 895, 901 (7th Cir. 1996)). The Fifth Circuit has cautioned that

> courts should avoid turning the administrative hearing into a mere dress rehearsal followed by an unrestricted trial *de novo*. If parties

5

> could always introduce additional evidence in the district court to patch up holes in their administrative case, administrative proceedings would no longer receive the weight that they are due. After all, rendering a decision on the record compiled before the administrative agency is the norm.

*Spring Branch*, 909 F.3d at 764 (cleaned up).

## IV. Conclusion

Plaintiffs' Opposed Motion to Correct Certified Administrative Record (Dkt. 56) is **GRANTED IN PART AND DENIED IN PART**. The Court **DENIES** Plaintiffs' request to add the List of Audio Recordings to the Certified Administrative Record, but **GRANTS** Plaintiffs' request to add the November 17, 2020 Transcript (Dkt. 56-1) to the Certified Administrative Record. The Court hereby **ORDERS** the Clerk to add the November 17, 2020 Transcript (Dkt. 56-1) to the Certified Administrative Record (Dkt. 53).

It is **FURTHER ORDERED** that the Clerk **REMOVE** this case from the undersigned's docket and **RETURN** it to the docket of the Honorable David A. Ezra.

**SIGNED** on February 2, 2023.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE